**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES H. MADDOX,

                            Plaintiff,

          - v -                                  Civ. No. 1:14-CV-143
                                                       (DNH/RFT)

LINDA A. JOYCE,

                            Defendant.

**APPEARANCES:**                                  **OF COUNSEL:**

JAMES H. MADDOX
Plaintiff, *Pro Se*
196 Cedarwood Ter. Apt. 1
Rochester, New York 14609

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil rights Complaint filed by *pro se* Plaintiff James Maddox pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. Maddox, who has not paid the filing fee, has submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. Plaintiff also filed a Motion for a Temporary Restraining Order ("TRO"), which has been referred to this Court. *See* Dkt. No. 4 & Text Order, dated Feb. 26, 2014.

## I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Upon review of Plaintiff's IFP Application (Dkt. No. 2), the Court finds that Plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the filing fee. Thus, Plaintiff's IFP Application is **granted**.

### B. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –

but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### C. Allegations Contained in the Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

The following constitutes the entirety of the facts set forth in the Complaint. On August 13, 2007, Plaintiff was informed by letter that he was "indicated"[1] in a report of suspected child abuse or maltreatment. Compl. at ¶ 4(1) & Ex. 1. Within that letter, he was advised of his right to seek an amendment of the record, but must make such request within ninety days. *Id.* Plaintiff states that

---

[1] Pursuant to New York State law, an "indicated report" in this context means that some credible evidence exists as to alleged abuse or maltreatment of a child. N.Y. SOC. SERVS. LAW § 412(7).

on August 28, 2007, he sent a notice of appeal and requested further information, but has been "denied procedural due process for 6 yrs and 4 months." *Id*. at ¶ 4(2).

Based on the above sparse allegations, Plaintiff asserts that Defendant Linda A. Joyce, who according to the Exhibits attached to the Complaint, is/was the Director of the State Central Register in the Division of Child Welfare and Community Services, "intentionally deprived" Plaintiff of his liberty interest and violated his due process rights guaranteed by the Fourteenth Amendment by denying him a timely hearing pursuant to New York State Social Services Law § 422(8). *Id*. at First Cause of Action. He further asserts that the denial of his liberty interest interfered with his First Amendment right to "argue against the agency that deprived [him] of his liberty." *Id*. at Second Cause of Action. Finally, Plaintiff claims he was subjected to cruel and unusual punishment for having been "indicated in a report of suspected child abuse or maltreatment for 6yrs and 4 months without being afforded a hearing" pursuant to State law. *Id*. at Third Cause of Action.

In its current format, the Complaint is insufficient.

First, there are no factual allegations implicating the sole named Defendant in any wrongdoing. Instead, Plaintiff identifies Defendant Joyce for the first time in the section stating the basis for his cause of action; there are no facts pled in that section that would allow for any inference that Defendant Joyce had any involvement in the matter complained of by Plaintiff. The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995)

& *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. The Defendant cannot be enmeshed in any alleged wrongdoing simply because of her purported status of authority. Because Plaintiff fails to allege the personal involvement of the named Defendant in any constitutional wrongdoing, the Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, the facts as pled are insufficient to allow the Court to assess whether this action is timely in light of the fact that Maddox asserts that he first received notice of his right to an appeal or hearing in 2007 and is raising a constitutional claim in this Court in 2014. With a three-year statute of limitations for § 1983 actions, the timeliness of this action is questionable at best. *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action); *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years). Because there are a paucity of facts regarding the timeliness of this action, the Court reserves on recommending dismissal on this basis.

Notwithstanding our assessment of the deficient status of the Complaint, in light of Plaintiff's *pro se* status, the Court has examined all of Plaintiff's submissions, including those accompanying his Motion for a TRO (Dkt. No. 4), which contain a greater factual recitation of the

events giving rise to this civil rights action.[2]

According to the Memorandum of Law filed in support of Plaintiff's request for a TRO, on May 29, 2007, Maddox was notified by Louisa Willis, a caseworker, that he was named in a report of suspected child abuse or maltreatment. Dkt. No. 4, Mem. of Law at ¶ 4 & Ex. 1, Investigation Progress Notes. On June 13, 2007, Maddox spoke with Willis and denied all charges. Mem. of Law at ¶ 5. Thereafter, on August 13, 2007, Maddox received a letter, notifying him that he has been indicated and had the right to request an amendment of the report from being "indicated" to being "unfounded," but must make such request within ninety days. *Id.* at ¶¶ 6-8; *see also* Compl., Ex. 1. Plaintiff "immediately," by certified mail receipt requested, sought an appeal and further information; that mailing was endorsed as received on August 28, 2007. Mem. of Law at ¶ 10. In or about September or October 2007, Louisa Willis called Maddox informing him that the claim has been deemed "unfounded." *Id.* at ¶ 11. In 2013, however, Plaintiff found out that he had been placed on the New York State Central Register for child abuse or maltreatment.[3] *Id.* at ¶ 12.

Plaintiff immediately sent a letter to the New York State Office of Children and Family Services requesting that his "indication" be expunged from his record in light of his denial of the allegations and the failure to provide him with a hearing pursuant to New York Social Services Law § 422(8). *Id.* at ¶ 13. On September 9, 2013, Maddox received a letter from Defendant Joyce informing him that according to their records more than one hundred days had elapsed since the report was indicated and therefore his request was untimely. *Id.* at ¶ 14; *see also* Compl., Ex. 1, Lt.,

---

[2] Plaintiff states that he submits the Memorandum of Law in support of both his civil action and his Motion for a TRO. Dkt. No. 4 at ¶¶ 2 & 3.

[3] It is not clear how or when Plaintiff became aware of the reporting. Plaintiff states that he applied for a "Certificate of Good Conduct," but he does not state when or why he applied for this. Mem. of Law at ¶ 12.

dated Sept. 9, 2013. She also informed Plaintiff that he had an opportunity to provide further information for review and consideration by showing that the request is timely. In response, Plaintiff sent a letter, dated November 22, 2013, providing the certified mail receipt that was endorsed on August 28, 2007. Mem. of Law at ¶ 15; *see also* Lt. Attach. to Mem. of Law.[4] Defendant Joyce acknowledged the mailing and began a review of Plaintiff's indicated status. Mem. of Law at ¶ 16; *see also* Compl., Ex. 1, Lt., dated Dec. 17, 2013.

Maddox does not state the outcome of Joyce's review. Instead, he states that on January 2, 2014, he sent Defendant Joyce a letter notifying her that she violated his constitutional rights by denying him a hearing pursuant to State law and demanded that the indication be expunged. Mem. of Law at ¶ 17.[5]

In liberally construing Plaintiff's submissions, it appears that he is claiming to have been deprived of his Fourteenth Amendment right to due process when his name was placed on the State Central Registry without first being afforded an opportunity to a hearing. In asserting a violation of procedural due process, Plaintiff must show that he 1) possessed a liberty interest, and 2) was deprived of that interest without being afforded sufficient process. *See, e.g., Angrisani v. City of New York*, 639 F. Supp. 1326, 1332 (E.D.N.Y. 1986) (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1972)). There are circumstances wherein courts have held that subjects of State reports of abuse have liberty interests which cannot be deprived without the State affording some process. *See, e.g.,*

---

[4] Plaintiff included unlabeled Exhibits with his Motion for a TRO. Using the page numbers automatically assigned by this Court's Case Management Electronic Case Filing system ("CM/ECF"), the November 22d Letter can be found at pages 13-14.

[5] The January 8th Letter can be found at CM/ECF page 15. Interestingly, it appears from this letter and the "Notice of Petition" that follows, that Plaintiff started some type of action in New York State Supreme Court, County of Monroe. *See* Dkt. No. 4 at CM/ECF pp. 15-16. It is unclear at this juncture whether a case was ever brought in State court, and if so, its current status.

*Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1994) (cited in *Powell v. Johnson*, 2012 WL 4052261 (N.D.N.Y. Jan. 9, 2012)). However, in order to assert a liberty interest, the damage to one's reputation is not "by itself sufficient to invoke the procedural protection of the Due Process Clause." *Valmonte v. Bane*, 18 F.3d at 999 (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, the "loss of reputation must be coupled with some other tangible element in order for it to rise to the level of a protectible liberty interest." *Id*. Thus, the Second Circuit requires a "stigma plus" to establish a constitutional deprivation. *Id*. For example, in *Valmonte v. Bane*, the Second Circuit found that a liberty interest was implicated when information on the Register was disseminated to potential employers thereby stigmatizing those individuals on the list and also precluding them from pursuing employment in their chosen field, which in that case had been child care. 18 F.3d at 1001. The Circuit distinguished the circumstances in that case from a simple defamation case wherein a person's reputation is tarnished resulting in loss of employment, which is simply viewed as a typical "deleterious effect[]" of the defamation. *Id*. The fact that Valmonte's employment prospects in her chosen field had been burdened was deemed to be beyond "the intangible deleterious effect that flows from a bad reputation." *Id*. ("Valmonte is not going to be refused employment because of her reputation; she will be refused employment simply because her inclusion on the list results in an added burden on employers who will therefore be reluctant to hire her.").

Here, Maddox has pled that his name appeared on the Registry at some point, but he does not state any facts that show he has been stigmatized as a result. Thus, in its current form, Maddox has failed to assert an established liberty interest and has therefore failed to state a claim for violation of his procedural due process rights. Accordingly, even affording Plaintiff great liberality, we recommend dismissal of this claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition to his procedural due process claim, Plaintiff asserts that his Eighth and First Amendment rights were interfered with when his name was placed on the State Registry without affording him a hearing.

With regard to the First Amendment, and liberally construing his filings, it appears that Plaintiff believes that Defendant interfered with his First Amendment right when she allegedly to provide him with a hearing so that he may speak out against the charges. The First Amendment dictates that "Congress shall make no law . . . abridging the freedom of speech." U.S. CONST. amend. I. There are several factors relevant to a First Amendment analysis, such as the type of speech that was restricted, the forum of the restriction, and the status of the person seeking to speak out, *i.e.*, a public employee versus a private citizen. *See, e.g., Garcetti v. Ceballos*, 547 U.S. 410 (2006) (discussing the different standards applied depending on who is making the speech, i.e., a public employee speaking out as a private citizen on a matter of public importance versus a public employee speaking pursuant to their official duties); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 245-46 (2002) (noting that the First Amendment "has its limits; it does not embrace certain categories of speech, including defamation, incitement, obscenity, and pornography produced with real children"); *Wandering Dago Inc. v. New York State Office of Gen. Servs.*, __ F. Supp. 2d __, 2014 WL 201968 (N.D.N.Y. Jan. 15, 2014) (discussing various protections afforded to speech depending on the forum). Here, we simply do not have enough facts to analyze whether a proper First Amendment claim has been pled. Maddox merely claims that he has been denied the right to speak out and defend himself at a hearing. As drafted, Plaintiff fails to raise a First Amendment claim and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

With regard to the Eighth Amendment, the Court notes that Plaintiff has no cognizable right

to Eighth Amendment protection against cruel and unusual punishment because he is not subject to any punishment having not been convicted of, nor accused of committing, a crime. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Thus, to the extent Plaintiff is attempting to bring a cause of action under the Eighth Amendment for the Defendant's failure to provide him a hearing, we recommend dismissal of such claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under these circumstances, the Court concludes that the Complaint as drafted, and as supplemented, fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915. *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. at 557). Alternatively, in light of his *pro se* status, the Court recommends that prior to outright dismissal of this action, the Court should afford Plaintiff the opportunity to file an amended complaint if he desires to proceed with this action. Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated

in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint nor any other filing with the Court shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

### D. Motion for TRO

As noted above, Plaintiff has also filed a Motion for a TRO wherein he asks the Court to direct the Defendant to expunge his name from the State Registry. Dkt. No. 4.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (citation omitted). However, when the moving party seeks a

"mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (citation omitted). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (citation omitted); *Perri v. Bloomberg*, 2008 WL 2944642, at *2 (E.D.N.Y. July 31, 2008) (citation omitted). The district court has wide discretion in determining whether to grant a preliminary injunction. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d at 511 (citation omitted). "The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri v. Bloomberg*, 2008 WL 2944642, at *2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002). Speculative, remote, or future injury is not the province of injunctive relief. *See Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, 2008 WL 2705371, at *2 (N.D.N.Y. July 3, 2008) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages.").

While an alleged violation of a constitutional right "triggers a finding of irreparable harm,"

in light of the above discussion, it is this Court's view that Plaintiff has not set forth a valid constitutional violation, thus there can be no presumption that Plaintiff satisfies this prong. *See Jolly v. Coughlin*, 76 F.3d at 482; *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) (noting that "[b]ecause plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary").

Nevertheless, a party is not entitled to preliminary injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992) (citation omitted). Again, because we've recommended dismissal of Plaintiff's claims, his deficient allegations, standing alone, are insufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction"); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypothetical."). We therefore recommend denying Plaintiff's Motion for a TRO.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Complaint should be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim upon which relief can be granted. However, in light of his *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the directions above. In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**RECOMMENDED**, that Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 4) be **denied**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 23, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge